IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYRON GIDDENS,<br>    Plaintiff,<br>      v.<br><br>UPS SUPPLY CHAIN SOLUTIONS,<br>    Defendant. | CIVIL NO. 11-616(NLH-JS)<br><br>**OPINION** |

**APPEARANCES:**

Ronald George Poliquin
Law Firm of Ronald G. Poliquin PA
375 West North Street, Suite 3B
Dover, DE 19904
*Attorney for plaintiff*

Jennifer C. Jauffret
Lori Ann Brewington
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
*Attorneys for defendant*

**HILLMAN**, District Judge

      Before the Court is defendant's motion to dismiss plaintiff's complaint alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family Medical Leave Act. For the reasons discussed below, defendant's motion to dismiss shall be granted in part and denied in part. Plaintiff's request for leave to file an amended complaint shall be granted.

    **I.    BACKGROUND**

      Plaintiff Myron Giddens began work in February 2008 at

defendant UPS Supply Chain Solutions ("UPS") at their Newark, Delaware facility as a collection associate. Giddens was terminated in June 2008 for absenteeism. Giddens was reinstated in October 2008 after a finding of violation of the FMLA.[1] UPS states that Giddens had further attendance issues after reinstatement and was issued a final written warning on August 28, 2009 and was notified that any further violations of their attendance policy would result in termination.

On December 7, 2009, Giddens filed a Charge of Discrimination ("Charge") against UPS with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").[2] Giddens stated that the alleged discrimination took place from July 30, 2009 to December 7, 2009, and checked off the box that it was "continuing action." Giddens alleged discrimination on the basis of race, sex, disability, and

---

[1] Giddens does not provide any facts surrounding the 2008 FMLA violation.

[2] The Charge of Discrimination is an undisputedly authentic document of which the Court takes judicial notice. See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (acknowledging Court can take judicial notice of document in deciding motion to dismiss); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(finding court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). However, Giddens' full birth date should have been removed from this document. See Fed.R.Civ.P. 5.2(a)(2) and Local Rule 5.2(17)(4). Accordingly, the Court instructs counsel to properly redact Giddens' sensitive information from the Court's public docket.

2

retaliation. Giddens states on the Charge that while on medical leave from July 30, 2009 until August 21, 2009, UPS requested documentation from him regarding when he would be returning to work which Giddens considered harassment because he had previously informed them of his return date. Giddens also stated that his internal complaint (presumably at UPS) had not been fully investigated and that he was being retaliated against after gaining his job back in October 2008.[3]

Giddens missed work due to the flu at the end of December. Giddens does not provide the exact dates in December that he was out of work. Giddens states that his physician permitted him to return to work at the end of December. UPS states that Gidden returned to work on December 28, 2009, without medical documentation for his December absences. UPS further states that the doctor's note provided by Giddens on December 29, 2009 simply asked that he be excused from work from December 22 through December 25, 2009, but provided no diagnosis or information about his illness. UPS states that on December 23, 2009, before being notified of the Charge, it initiated the process for terminating Giddens's employment for violation of its attendance policy.

Giddens filed a short-term disability claim on January 4,

---

[3] According to the Charge, on August 21, 2009, District HR Brian Katz told Giddens that he needed to return to work by August 26, 2009, or it would be classified as job abandonment. Giddens returned to work on August 26, 2009.

2010.  UPS states that Giddens was absent from work on January 4-5, 2010.  On January 6, 2010, Giddens informed his supervisor that he was unsure when he would return to work since he had not seen his physician yet.  UPS states that Giddens did not return to work until January 13, 2010.  Giddens was terminated on January 14, 2010.

On April 13, 2011, Giddens received a notice of right-to-sue letter from the EEOC (issued on April 8, 2011).  On July 12, 2011, within 90 days of receipt of his right-to-sue letter, Giddens filed a complaint against UPS for claims of discrimination and retaliation alleging that UPS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20009e) et seq., ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA").  UPS filed a motion seeking to dismiss Giddens's complaint on grounds that the complaint fails to state a claim upon which relief can be granted.

## II. JURISDICTION

Plaintiff has alleged that defendant violated Title VII, the ADA, and the FMLA and, therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## III. DISCUSSION

### A. Motion to Dismiss

When considering a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . .");

5

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed trial courts to engage in a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiffs entitlement to relief. Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

6

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**B. Failure to Exhaust Administrative Remedies**

UPS alleges that Giddens failed to exhaust his

7

administrative remedies as to his Title VII and ADA claims[4] because the crux of Giddens's complaint concerns his termination on January 14, 2010 which was not part of his DDOL or EEOC charge. Giddens argues that since his termination occurred while the DDOL was conducting its investigation, and since he indicated that the disability discrimination was ongoing, that he has satisfied the requirement of exhaustion of administrative remedies.

"A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5." Barzanty v. Verizon PA, Inc., 361 Fed.Appx. 411, 413 (3d Cir. 2010); see Churchill v. Star Enterprises, 183 F.3d 184, 191 (3d Cir. 1999) (stating that "a party who brings an employment discrimination claim under Title I of the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5"). "Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC." Barzanty, 361 Fed.Appx. at 413 (citing 42 U.S.C. §§ 2000e-5(b), (e)(1), (f)(1)). "The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a

---

[4] UPS concedes that Giddens does not have to exhaust his administrative remedies prior to filing a claim pursuant to the FMLA. See 29 U.S.C. § 2617(a); Durham v. Atlantic City Elec. Co., 2010 WL 3906673, at *9 (D.N.J. Sept. 28, 2010) ("[T]he FMLA does not require a plaintiff to exhaust administrative remedies before filing a claim in court.").

8

right-to-sue letter before she can initiate a private action." Id. (citing Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001)).

"After a charge is filed, the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 414 (internal quotation marks and citations omitted). This restriction hinders a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge." Id. (citing Hicks v. ABT Assoc., Inc., 572 F.2d 960, 967 (3d Cir. 1978)).

The disability discrimination alleged in Giddens's complaint is the same type of discrimination alleged in his Charge. Cf., Barzanty, 361 Fed.Appx. at 414 (finding hostile work environment claim was not within the scope of initial charge of gender discrimination); Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996) (finding that disability discrimination charge did not fairly encompass a claim for gender discrimination, and the EEOC was not put on notice of a gender discrimination claim). Also, even though Giddens's termination occurred after Giddens filed the Charge, Giddens checked off the box for "continuing action" indicating that the type of alleged discrimination was ongoing. The Third Circuit identified "two circumstances in which events subsequent to a filed

9

complaint may be considered as fairly encompassed within that complaint, either where the incident (1) falls within the scope of a prior EEOC complaint, or (2) falls within the scope of the EEOC 'investigation which arose out of it.'" Robinson v. Dalton, 107 F.3d 1018, (3d Cir. 1997) (citing Waiters v. Parsons, 729 F.2d 233, 235 (3d Cir. 1984)). Here, the EEOC issued its right-to-sue letter on April 8, 2011, approximately three months after Giddens was terminated. Thus, the EEOC investigation would have encompassed the absences in December 2009, and in January 2010, as well as the termination. See Waiters 729 F.2d at 237 ("This court has recognized this fact in permitting suits based on new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint, without requiring the victim to file additional EEOC complaints and wait another 180 days to sue."); Ward v. MBNA America (Bank of America), --- F.Supp.2d ----, 2012 WL 82773, at *5 (D.Del. Jan. 10, 2012) (finding plaintiff adequately exhausted her administrative remedies where EEOC investigation would have encompassed allegations of race discrimination so that EEOC had notice of potential claims that the exhaustion requirement is meant to ensure).

Further, Giddens checked off the box "retaliation." Therefore, even though the facts alleged in his complaint are different from the facts alleged in his Charge, Giddens alleges

10

that his termination was the product of the same retaliatory intent.  See Waiters 729 F.2d at 238; see Anjelino v. New York Times Co., 200 F.3d 73, 96 (3d Cir. 1999) (reversing dismissal for failure to exhaust administrative remedies where retaliatory delistment (demotion) occurred after appellants filed charge and complaint because it would have been impossible for appellants to include retaliatory delistment in initial charge and complaint).  In addition, UPS states that Giddens was issued a final written warning on August 28, 2009 notifying him that any further violations of their attendance policy would result in termination.  The written warning was within the time period of discrimination alleged on the Charge and, therefore, the termination relates back to the final warning and is within the scope of the Charge.

Therefore, Giddens has exhausted his administrative remedies and UPS's motion to dismiss will be denied on this ground.

**C.   Americans with Disabilities Act**

UPS argues that Giddens's ADA claim should be dismissed becasue he failed to plead facts in support his claim.  Giddens argues that UPS was well aware of his disability and "regarded" him as being disabled under the ADA.

A person is "regarded as" having a disability if the person:

>    (1) Has a physical or mental impairment

11

that does not substantially limit major life
activities but is treated by the covered entity as
constituting such limitation;

(2) Has a physical or mental impairment
that substantially limits major life activities only
as a result of the attitudes of others toward such
impairment; or

(3) Has [no such impairment] but is treated
by a covered entity as having a substantially
limiting impairment.

Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir. 1999) (citing 29 C.F.R. § 1630.2). "[I]n general, an employer's perception that an employee cannot perform a wide range of jobs suffices to make out a 'regarded as' claim." Id.

Giddens has plead no facts in his complaint that are sufficient to show that he has plausible ADA claim. Although Giddens maintains that the flu is a "serious health condition" there are no facts to suggest that UPS regarded him as having a serious health condition. Therefore, Giddens' ADA claim will be dismissed without prejudice.

### D. Discrimination under Title VII

UPS argues that Gidden's discrimination claim should be dismissed because Giddens fails to identify a protected

characteristic on which he bases his claim of discrimination and has not alleged a prima facie case of discrimination. Giddens does not directly respond to UPS's argument.

Giddens's complaint does not adequately plead a claim for Title VII discrimination. Giddens merely states that UPS's acts constitute discrimination. The court may disregard any legal conclusions in a complaint. See Fowler, 578 F.3d at 210. Therefore, Giddens's Title VII discrimination claim will be dismissed without prejudice.

**E.    Retaliation under Title VII**

UPS argues that Giddens's retaliation claim should be dismissed because Giddens has not plead a prima facie case for Title VII retaliation. In his complaint, Giddens's retaliation claim is based on his filing for leave under the FMLA, not Title VII.[5] Despite his argument in response to UPS's motion to dismiss, Giddens does not allege facts in support of a retaliation claim for filing an EEOC charge in his complaint. See Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995) ("To establish discriminatory retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal

---

[5] Giddens' retaliation claim under the FMLA is addressed in subsection G, infra.

connection between her participation in the protected activity and the adverse employment action."). Accordingly, Giddens's retaliation claim under Title VII shall be dismissed without prejudice.

### F. Family Medical Leave Act

Giddens alleges that he suffered from the flu and that the flu is a "serious health condition" under the FMLA. Pursuant to the FMLA, a "'serious health condition' entitling an employee to FMLA leave means an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or continuing treatment by a health care provider as defined in § 825.115." 29 CFR § 825.113(a). The FMLA clarifies that "[o]rdinarily, unless complications arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 CFR § 825.113(d) (emphasis added).

Based on the above definitions, an employee must be able to demonstrate that he suffered from "complications" due to the flu that required inpatient care, or continuing treatment by a health care provider. Giddens alleged that he returned to work "with medical documentation verifying his illness." Giddens does not, however, allege any complications due to the flu and does

14

not allege facts in support of continuing treatment pursuant to 29 CFR § 825.115. Therefore, Giddens has not adequately plead his FMLA claim and, therefore, this claim shall be dismissed without prejudice.

### G. Interference and Retaliation under FMLA

As stated above, Giddens has not adequately plead that he had a serious medical condition qualifying him for leave under the FMLA. Therefore, his claims for interference and retaliation under the FMLA must be dismissed as well. See Schlifke v. Trans World Entm't Corp., 479 F.Supp.2d 445, 452 (D.Del. 2007) ("To establish a prima facie case of FMLA retaliation, [plaintiff] must show that: '(1) [she] availed herself of a protected right under the FMLA; (2) [she] suffered an adverse employment action; and (3) there was a causal connection between the employee's protected activity and the employer's adverse employment action.'"). Therefore, Giddens's claim for retaliation under the FMLA shall be dismissed without prejudice.

### H. Leave to File Amended Complaint

In his response, Giddens requests leave to file an amended complaint. Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Third Circuit has shown a strong

15

liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, there is no evidence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Therefore, Giddens shall be permitted to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, UPS' motion to dismiss shall be granted in part and denied in part. Giddens shall be granted leave to file an amended complaint.

An Order shall be entered consistent with this Opinion.

    s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.
Dated: June 27, 2012


At Camden, New Jersey